```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

**BILLY DEAR, ET. AL.**                                              **PLAINTIFFS**

**VS.**                                  **CIVIL ACTION NO. 3:15-cv-445-WHB-LRA**

**ROCKIN'E CONSTRUCTION, LLC, ET AL.**                               **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Plaintiffs to Remand. Having consider the pleadings as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.

**I.  Factual Background and Procedural History**

The factual background of this case is well known to the Court. Eunice Dear was the owner of real property located in Rankin County, Mississippi. Chancellor Funeral Home, LLC ("Chancellor") owns real property adjacent to that which was owned by Eunice Dear. Chancellor granted an easement to AT&T Mobility LLC, to run fiber optic cable from a point of origin near Mississippi Highway 49 South to a cellular tower located on the Chancellor property.

To facilitate the installation of the fiber optic cable, Trawick Construction Company, Inc., hired Eric S. Tindell

("Tindell"), who owns Rockin' E Construction, LLC ("Rockin' E"), to install the fiber optic cable.  Instead of placing the fiber optic cable on the property subject to the easement AT&T had obtained from Chancellor, the cable was placed on the property of Eunice Dear.  Eunice Dear committed suicide allegedly because of the trespass and illegal installation of the fiber optic cable on her property.

Following the death of Eunice Dear, her son, Billy Dear, filed a lawsuit against AT&T Mobility LLC, and several other defendants that had either been responsible for the installation of the fiber optic cable, or had an interest in that cable.  See Dear, et al. v. AT&T, et al., 3:14-cv-313-WHB-RHW (S.D. Miss.)("Dear I").  During the course of litigation in Dear I, Billy Dear moved to amend his complaint to include several non-diverse defendants, including Rockin' E.  As the inclusion of non-diverse parties would have defeated the existing diversity of citizenship jurisdiction, the Motion to Amend with respect to these putative parties was considered applying the factors in Hensgens v. Deere, 833 F.2d 1179, 1182 (5th Cir. 1987), which are: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  Id. at 1182.  Applying these factors to Rockin' E:

2

> [T]he Court found the second factor weighed in favor of allowing amendment because ... there was no showing that Dear was dilatory in seeking leave to amend.  The Court again found, however, that the first and third Hensgens factors weighed against granting leave to amend because the likely purpose of seeking to add Rockin' E was to defeat federal jurisdiction, and Dear would not be significantly injured if the amendment was not allowed. These findings were based on (1) that Rockin' E ... was hired by Windstream Mississippi, LLC, and there has been no showing that Windstream would not be liable for the allegedly tortuous acts of the Rockin' E employees under agency law, and (2) there has been no showing that Windstream would be unable to satisfy any judgment rendered in this case. See e.g. Turner v. Williams, 257 So.2d 525, 527 (Miss. 1972); O'Connor v. Automobile Ins. Co. of Hartford Conn., 846 F.Supp. 39, 41 (E.D. Tex. 1994).

Based on these findingss, Dear's Motion to Amend, to the extent it sought to add Rockin' E as a defendant was denied.  See Dear I, Opinion and Order [Docket No. 248].

After the Motion to Amend was denied, Dear filed a second lawsuit in state court against five defendants that were not named in Dear I.  The defendants in Dear II are AT&T Corp., Windstream KDL Inc., Windstream Nuvox Inc.,[1] Rockin' E, and Tindell.  Through his Complaint in Dear II, Dear seeks actual and punitive damages against all of the named defendants on claims of negligence, civil trespass, wrongful death, intentional/negligent infliction of emotional distress, and unjust enrichment.  Dear also requests equitable relief in the form of an accounting and constructive trust against AT&T Corp. and the Windstream Defendants.

---

[1]   Windstream KDL Inc., and Windstream Nuvox Inc., will be collectively referred to as the "Windstream Defendants".

The lawsuit was removed to federal court on the basis of diversity of citizenship jurisdiction. Although Dear, Rockin' E, and Tindell are all citizens of Mississippi, the removing Windstream Defendants argue that Rockin' E and Tindell were improperly joined for the purpose of defeating diversity of citizenship. See Not. of Removal [Docket No. 1], at ¶¶ 16, 17. The Windstream Defendants allege, that because this Court in Dear I denied the Motion to Amend to include Rockin' E as a defendant, in part, on the grounds that there had been no showing that Windstream Mississippi, LLC, would not be liable for the allegedly tortuous acts of the Rockin' E employees or would be unable to satisfy any judgment rendered in the case, the only basis for naming these defendants in this case is to defeat diversity citizenship. See Not. of Removal, ¶¶ 23-30. Dear has moved for remand arguing that he has stated valid claims against Rockin' E and Tindell.[2]

## II. Improper Joinder

The party removing a lawsuit bears the burden of proving the existence of federal subject matter jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). As such,

---

[2] This lawsuit was originally assigned to United States District Judge Henry T. Wingate. Judge Wingate transferred the case to the undersigned judge based on the latter's familiarity with the dispute.

4

when a case is removed on the theory of improper joinder, the removing party bears the burden of establishing the non-diverse party was improperly joined. See Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989).  To establish improper joinder, the removing party must prove either actual fraud in the pleading of jurisdictional facts or the inability to establish a cause of action against the non-diverse party in state court. See Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (quoting Travis v. Irby, 326 F.3d 646-47 (5th Cir. 2003)).  In cases in which improper joinder is predicated, *inter alia*, on the plaintiff's alleged inability to establish a claim against the non-diverse defendant:

> The court must determine whether the plaintiff has any possibility of recovery against the party whose joinder is questioned.  If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no improper joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)) (alterations in original).

### III.  Discussion

Dear argues that Rockin' E and Tindell have not be improperly joined because he has stated viable trespass claims against them. Under Mississippi law, an actionable trespass "is committed when a

person intentionally invades the land of another without a license or other right." Reeves v. Meridian S. Ry., LLC, 61 So.3d 964, 968 (Miss. Ct. App. 2011).  A trespass can also be committed by (1) placing an object on the property of another, (2) causing a third party to go onto the property of another; or (3) remaining on the property of another after the right of entry has expired. Thomas v. Harrah's Vicksburg Corp., 734 So.2d 312, 316 (Miss. Ct. App. 1999).

Here, in his Complaint, Dear alleges that Rockin' E and/or Tindell "entered the Dear Property and/or authorized entry onto the Dear Property to install a ... buried fiberoptic cable into an existing fiberoptic conduit." Compl., ¶ 16.  Dear further alleges that the "fiberoptic conduit was unlawfully located on the Dear Property, i.e. without an easement or authority from Eunice Dear", so that the installation of the fiberoptic cable onto the Dear Property constituted a unlawful trespass. Id. at ¶¶ 17, 18.  The Court finds, after reviewing the factual allegations in the Complaint, that Dear has a reasonable possibility of recovering on his trespass claims against Rockin' E and Tindell.

In response, the Windstream Defendants argue that Dear has no possibility of recovering on his trespass claim because this Court, in Dear I, denied his request to amend his complaint in that action to add Rockin' E as a defendant. See Mem. in Supp. of Resp. to Mot. to Remand [Docket No. 30], 5-6 (arguing, that the findings by

6

which Dear's motion to amend to include Rockin' E as a defendant in Dear I, "establishes that Plaintiff cannot maintain an independent cause of action against Rockin' E, as the entity ultimately responsible for Rockin' E's allegedly tortuous acts is already a party defendant in ... Dear I."). In Dear I, however, the Court did not consider whether Dear's proposed claims against Rockin' E were not viable under Mississippi law. Instead, the issue before the Court in Dear I was whether Dear should be permitted to join those claims into that lawsuit when the effect of joinder would defeat the existing diversity of citizenship jurisdiction. In other words, the Court did not deny Dear's motion to amend in Dear I on a finding that the claims he proposed to allege against Rockin' E were not viable under Mississippi law, but instead denied the motion to amend because the inclusion of those claims would have defeated the existing basis for federal subject matter jurisdiction, and he had not shown that leave to amend to add the jurisdiction-defeating claims was warranted under the Hensens factors. See e.g. Arthur v. Stern, 2008 WL 2620116, at *5 (S.D. Tex. 2008)(denying leave to amend under the Hensgens factors in a case in which it appeared the plaintiff had stated a cognizable claim against the non-diverse defendant it sought to join in the litigation). For this reason, the Court finds the Windstream Defendants have not met their burden of showing that Rockin' E or Tindell were improperly joined in this case for the sole purpose of

7

defeating diversity of citizenship jurisdiction. The Court, therefore, finds Dear's Motion to Remand should be granted.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Docket No. 21] is hereby granted, with the parties bearing their own costs.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remand this case to the Chancery Court of Simpson County, Mississippi.

SO ORDERED this the 31st day of March, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
